UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Emory Davis, on behalf of himself and others similarly situated,

        Plaintiff,

vs.

Healthplex, Inc.,

        Defendant.

CIVIL ACTION

No.:  3:25-cv-1682 (AJB/MJK)

Jury Trial Demanded

---

## CLASS ACTION COMPLAINT

### Nature of the Action

1. Emory Davis ("Plaintiff") brings this class action against Healthplex, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to wrong or reassigned cellular telephone numbers.

### Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

1

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. In particular, the subject calls and prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls and prerecorded voice messages in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Broome County, New York.

8. Defendant is a New York corporation with headquarters in Uniondale, New York.

9. Defendant is a dental benefits administrator.

## Factual Allegations

10. Plaintiff is, and has been since approximately March 2019, the subscriber to, and sole and customary user of, his cellular telephone number—(XXX) XXX-2384.

11. Starting in 2023 or earlier, Defendant placed, or caused to be placed, telephone calls to telephone number (XXX) XXX-2384 in connection with which Defendant used an artificial or prerecorded voice.

12. For example, on or about November 22, 2023, Defendant placed or caused to be placed two calls to telephone number (XXX) XXX-2384.

13. In connection with these November 22, 2023 calls, Defendant delivered or caused to be delivered materially identical artificial or prerecorded voice messages to telephone number (XXX) XXX-2384.

14. Defendant placed the November 22, 2023 calls to telephone number (XXX) XXX-2384 from telephone number (978) 802-3027.

15. In connection with its November 22, 2023 calls to telephone number (XXX) XXX-2384, Defendant delivered or caused to be delivered materially identical artificial or prerecorded voice messages, each stating:

> Hello, this is Healthplex with an important message for you. This message is for the individual whose identification number ends with 6-9-0-0. We're calling to inform you that your request for dental services has been denied. Please call your plan dentist to discuss your dental treatment. If you have any questions, please call Healthplex Monday through Friday from 8 a.m. to 6 p.m. Eastern time at 800-468-9868. Thank you, and have a good evening. Goodbye.

16. Plaintiff received and listened to these November 22, 2023 artificial or prerecorded voice messages.

17. The tone and speech pattern of these November 22, 2023 voice messages are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

18. In each November 22, 2023 voice message, the tone and speech patterns used for "6-9-0-0" and "800-468-9868" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

19. That the content, tone, and speech patterns from both November 22, 2023 voice messages are materially identical between the two messages, also indicates that each message uses an artificial or prerecorded voice, rather than live speech.

20. When dialed, telephone number (800) 468-9868 connects to a greeting that begins, "Thank you for calling your dental plan's customer service department . . . ."

21. And when dialed, telephone number (978) 802-3027 connects to a greeting that begins, "Thank you for calling Healthplex . . . ."

22. On or about December 12, 2023, Defendant placed or caused to be placed two calls to telephone number (XXX) XXX-2384.

23.     Defendant placed the December 12, 2023 calls to telephone number (XXX) XXX-2384 from telephone number (978) 802-3027.

24.     In connection with these two December 12, 2023 calls to telephone number (XXX) XXX-2384, Defendant delivered or caused to be delivered artificial or prerecorded voice messages.

25.     In connection with its first call on December 12, 2023, at approximately 7:57 p.m. Eastern time, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 an artificial or prerecorded voice message stating: "Hello, this is Healthplex with an important message for you . . . ."

26.     The artificial or prerecorded voice message Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 on December 12, 2023, at approximately 7:57 p.m. Eastern time, appears to cut off prematurely.

27.     In connection with its second call on December 12, 2023, at approximately 7:58 p.m. Eastern time, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 an artificial or prerecorded voice message stating:

> Hello, this is Healthplex with an important message for you. This message is for the individual whose identification number ends with 6-9-0-0. We're calling to inform you that your request for dental services has been approved. Please call your plan dentist to discuss your dental treatment. If you have any questions, please call Healthplex Monday through Friday from 8 a.m. to 6 p.m. Eastern time at 800-468-9868. Thank you, and have a good evening. Goodbye.

28.     Plaintiff received and listened to both December 12, 2023 artificial or prerecorded voice messages.

29.     The tone and speech pattern of these December 12, 2023 voice messages are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

30.     In the later December 12, 2023 voice message, from approximately 7:58 p.m. Eastern time, the tone and speech patterns used for "6-9-0-0" and "800-468-9868" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

31.     Additionally, the tone and speech patterns from the December 12, 2023 voice messages are materially identical to each other, and materially identical to the November 22, 2023 voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384, further indicating that the messages were prerecorded.

32.     As well, the content of the December 12, 2023 voice message from approximately 7:58 p.m. Eastern time is nearly identical to the content of both November 22, 2023 voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384—the only difference being whether the request was "approved" or "denied"—additionally indicating that the messages were prerecorded.

33.     On or about January 26, 2024, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-2384.

34.     In connection with its January 26, 2024 call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-2384.

35.     In connection with its January 26, 2024 call from telephone number (978) 802-3027, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 an artificial or prerecorded voice message stating:

> Hello, this is Healthplex with an important message for you. This message is for the individual whose identification number ends with 6-9-0-0. We're calling to inform you that your request for dental services has been approved. Please call your plan dentist to discuss your dental treatment. If you have any questions, please call Healthplex Monday through Friday from 8 a.m. to 6 p.m. Eastern time at 800-468-9868. Thank you, and have a good evening. Goodbye.

36. Plaintiff received and listened to this January 26, 2024 artificial or prerecorded voice message.

37. The tone and speech pattern of this January 26, 2024 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

38. In the January 26, 2024 voice message, the tone and speech patterns used for "6-9-0-0" and "800-468-9868" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

39. Moreover, the content, tone, and speech patterns from the January 26, 2024 voice message are materially identical to other messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 on November 22, 2023 and December 12, 2023, further indicating that each message uses an artificial or prerecorded voice, rather than live speech.

40. Given the generic nature of Defendant's messages and their uniform content, the messages Defendant delivered, or caused to be delivered, to telephone number (XXX) XXX-2384 were prerecorded in nature.

41. Plaintiff has not utilized dental services or benefits from Defendant.

42. Plaintiff does not have, and never did have, an account with Defendant.

43. Plaintiff does not have, and never did have, any relationship with Defendant.

44. Plaintiff did not provide telephone number (XXX) XXX-2384 to Defendant.

45. Defendant did not obtain telephone number (XXX) XXX-2384 from Plaintiff.

46. Plaintiff did not give Defendant prior express consent to place calls to telephone number (XXX) XXX-2384 using an artificial or prerecorded voice.

47. Defendant did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-2384 using an artificial or prerecorded voice.

48. Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-2384.

49. The subject telephone calls and artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-2384 were intended for someone other than, and unknown to, Plaintiff.

50. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-2384 for non-emergency purposes.

51. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-2384 voluntarily.

52. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-2384 under its own free will.

53. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls to telephone number (XXX) XXX-2384.

54. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-2384.

55. Defendant's records will identify each artificial or prerecorded voice message it delivered or caused to be delivered to telephone number (XXX) XXX-2384.

56. Plaintiff suffered actual harm as a result of the calls and artificial or prerecorded voice messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

57. Plaintiff found Defendant's numerous calls and artificial or prerecorded voice messages to be invasive and irritating.

58. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

59. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Healthplex, Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person with an account with Healthplex, Inc., (3) in connection with which Healthplex, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this class action complaint through the date of class certification.

60. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

61. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

62. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

63. The class is ascertainable because it is defined by reference to objective criteria.

64. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

65. Plaintiff's claims are typical of the claims of the members of the class.

66. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

67. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

68. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

69. Plaintiff suffered the same injuries as the members of the class.

70. Plaintiff will fairly and adequately protect the interests of the members of the class.

71. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

72. Plaintiff will vigorously pursue the claims of the members of the class.

73. Plaintiff has retained counsel experienced and competent in class action litigation.

74. Plaintiff's counsel will vigorously pursue this matter.

75. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

76. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

77. Among the issues of law and fact common to the class:

   a. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it used, or caused to be used, an artificial or prerecorded voice;

      b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

      c. the availability of statutory damages.

78. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

79. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

80. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

81. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

82. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

83. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

84. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

85. There will be no extraordinary difficulty in the management of this action as a class action.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

86. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 85.

87. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

88. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action;

(b) Designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

(d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

(e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

(f) Awarding Plaintiff and members of the class damages pursuant to 47 U.S.C. § 227(b)(3);

(g) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(h) Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: December 1, 2025

/s/ *James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class